UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA ADEL MHMOUD,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEETAH X INC., et al.,<br><br>        Defendants. | Case No. 25-cv-00198-DMR<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 10 |

Self-represented Plaintiff Dina Mhmoud moves to serve Defendant Alexander Debelov by the "nail and mail" method. [Docket No. 10, "Mot."] Pursuant to Civil Local Rule 7-1(b), the court finds this motion appropriate for resolution without oral argument. Having reviewed the record and for the reasons set forth below, the court grants the motion.

**I.    BACKGROUND**

On January 7, 2025, Mhmoud filed this action against Defendants Cheetah X Inc. ("Cheetah X") and Debelov, the CEO of Cheetah X, alleging violations of § 10(b) of the Securities Exchange Act and Rule 10b-5; breach of contract; fraud; violations of California's Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*; and conversion. [Docket No. 1, "Compl."] Mhmoud's claims arise out of an agreement Mhmoud made with Cheetah X to purchase a fleet of electric scooters. *Id.* at 1, 2-3.

Since filing the Complaint, Mhmoud has attempted to serve Debelov multiple times. A process server attempted to serve Debelov at his residence seven times: on January 14, 2025; January 16, 2025; January 19, 2025; February 17, 2025; February 20, 2025; February 23, 2025; and February 24, 2025. Mot. at 1-2 & Ex. A (Non Service Report). On January 19, 2025, the security guard at Debelov's building called Debelov so he could speak to the process server. Ex. A at 1.

Debelov informed the process server that he was "out of the country (Brazil), and ha[d] not yet scheduled a return date." *Id.* On all other occasions, there was no answer at the door. *Id.* at 1-2 & Ex. A. When the security guard attempted to "call[] up to the unit," they only received a "voice mail greeting." Ex. A at 1-2.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(e),

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under California Code of Civil Procedure section 413.30, a "court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." "Due process requires that the selected means of alternative service of process be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

## III.  DISCUSSION

Mhmoud seeks an order allowing her to serve Debelov via alternative means, namely, by posting the documents on the front door of his residence. Plaintiff has been diligent in her efforts to serve Debelov. Despite the process server's seven attempts to serve Debelov, none have been

successful.  The record establishes that Debelov lives at the address of attempted service and is aware of at least one service attempt, because he spoke to the process server by phone and said he was in Brazil and had not yet scheduled a return date.  Further attempts at personal service would thus be futile.  Accordingly, the court grants the motion as follows:

1. Mhmoud shall direct the process server to post a copy of the complaint, summons, and this order on the front door of Debelov's residence.

2. Mhmoud shall also direct the process server to send a copy of the complaint, summons, and this order to Debelov's residence via certified mail.

3. In addition, if Mhmoud has personally contacted Debelov by email, Mhmoud shall direct the process server to email a copy of the complaint, summons, and this order to Debelov via the most current email address she previously used to communicate with him.

Under these circumstances, the court finds that the above methods are reasonably calculated to provide Debelov with actual notice of this action.  *See* Cal. Code Civ. Proc. § 413.30; *Microsoft Corp.*, 703 F. App'x at 480.

## IV.     CONCLUSION[1]

For the reasons stated above, the Court grants the motion for alternative service.  Mhmoud shall effect service as outlined above by July 25, 2025 and promptly file a proof of service.

**IT IS SO ORDERED.**

Dated: June 25, 2025

Donna M. Ryu
Chief Magistrate Judge

---

[1] Mhmoud's motion does not address whether Cheetah X has been served, and no proof of service as to that Defendant has been filed.  As Mhmoud does not move to serve Cheetah X via alternative means, this order is limited to Debelov only.