UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA ADEL MHMOUD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEETAH X INC., et al.,<br><br>    Defendants. | Case No. 25-cv-00198-DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 16 |

On June 25, 2025, the court granted Plaintiff Dina Adel Mhmoud's motion for alternative service and allowed her to serve Defendant Alexander Debelov via U.S. certified mail; by posting the service documents on the door of his residence; and, if she had previously used an email address to communicate with him, via email. [Docket No. 15, "Order"; *see* Docket No. 10, "Mot. for Alt. Serv."] The court also noted that "Mhmoud's motion does not address whether [Defendant] Cheetah X has been served, and no proof of service as to that Defendant has been filed. As Mhmoud does not move to serve Cheetah X via alternative means, this order is limited to Debelov only." *Id.* at 3 n.1.

Mhmoud now moves for reconsideration of that Order, on grounds that the court committed a "factual oversight" by not acknowledging that the Motion for Alternative Service did in fact include Cheetah X. [Docket No. 16, "Reconsideration Mot." at 2.] Mhmoud asserts that her Motion included Cheetah X by listing it on the caption; by "[t]he motion's opening statement: 'Plaintiff respectfully requests permission to serve Defendant Alexander Debelov' (collectively referencing both parties given the shared address and corporate relationship)"; and by the fact that "Cheetah X and Debelov share a principal place of business (338 Spear Street), rendering service barriers identical." *Id.* (emphasis omitted; quoting Mot. for Alt. Serv. at 1).

**I.   LEGAL STANDARD**

Pursuant to Civil Local Rule 7-9(a),

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

The grounds set forth in Civil Local Rule 7-9(b) include:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**II.   DISCUSSION**

Mhmoud's Reconsideration Motion is denied. Mhmoud fails to show that there was "a manifest failure to consider material facts or dispositive legal arguments which were presented to the Court" in her Motion for Alternative Service. First, it was not clear that Mhmoud's Motion for Alternative Service included Cheetah X, as she did not indicate that references to "Debelov" meant Debelov and Cheetah X, collectively. She also referred to "the defendant," singular. *See, e.g.*, Mot. for Alt. Serv. at 2 ("Given the defendant's unavailability and lack of cooperation . . ."); *id.* ("Plaintiff respectfully requests that this Court grant permission for service by the 'nail and mail' method, allowing the process server to leave a copy of the summons and complaint at the defendant's residence and mail another copy to the same address.").

Second, the process server's Non Service Report states that, "[a]fter due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: Alexander Debelov." Docket No. 10-1 (Non Service Rep.) at 1-2. It makes no mention of Cheetah X. *See id.*

1    Third, although she now contends that "Cheetah X and Debelov share a principal place of
2    business (338 Spear Street), rendering service barriers identical" (Recon. Mot. at 2), this was not
3    stated in her Motion for Alternative Service.
4    Finally, the fact that she included Cheetah X in the caption is also insufficient, as captions
5    generally list all parties and not specifically the parties that are only at issue in the motion.
6    For these reasons, reconsideration is not warranted here. In any event, Mhmoud has not
7    shown that she has exhausted all possible means of serving Cheetah X to necessitate resorting to
8    alternative service. Federal Rule of Civil Procedure 4(h) sets forth the requirements for serving a
9    corporation located within the United States, such as Cheetah X:

> [A] domestic . . . corporation . . . that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires— by also mailing a copy of each to the defendant[.]

While her Reconsideration Motion indicates that Cheetah X's principal place of business has the same address as Debelov's residence, nothing in the record shows that she also attempted to serve Cheetah X's registered agent for service of process.[1] *See* Fed. R. Civ. P. 4(h)(1)(B).

For these reasons, the court will not amend its Order at this time. Nothing herein, however, precludes Mhmoud from moving for alternative service in the event that service on Cheetah X's registered agent is unsuccessful.

//
//
//

---

[1] It is also unclear whether Mhmoud did in fact attempt to serve Cheetah X at its principal place of business, given that the Non Service Report only identifies Debelov as the person attempted to be served.

### III. CONCLUSION

For the reasons stated above, the court denies Mhmoud's Reconsideration Motion. If Mhmoud is unable to effect service upon Cheetah X's registered agent, she may file a motion for alternative service as to Cheetah X that shows that all other means of service have been exhausted.[2]

The court refers Mhmoud to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: June 26, 2025

Donna M. Ryu
Chief Magistrate Judge

---

[2] As a final note, Civil Local Rule 7-9(a) requires parties to seek leave of court before filing a motion for reconsideration. Going forward, Mhmoud should be mindful about the court's procedural requirements before filing any motion. *See* Civ. L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

4