UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DINA ADEL MHMOUD,

Plaintiff,

v.

CHEETAH X INC., et al.,

Defendants.

Case No. 25-cv-00198-JST

**ORDER ON MOTION TO DISMISS**

Re: ECF No. 19

United States District Court
Northern District of California

On January 7, 2025, Pro Se Plaintiff Dina Adel Mhmoud filed the complaint in this matter, naming Cheetah X, Inc., and its CEO Alexander Debelov. ECF No. 1. Asserting violations of federal securities laws, breach of contract, fraud, violations of California Business and Professions Code § 17200, and conversion, her claims arise from an agreement she made with Cheetah X to purchase a fleet of electric scooters. *Id*. On August 4, 2025, Debelov filed a motion to dismiss, also proceeding pro se. His motion argued that proper service had not been effected, that this Court lacks personal jurisdiction over the defendants, that venue in this district is improper, and that Mhmoud failed to state a claim. ECF No. 19. As to Defendant Cheetah X, the motion to dismiss is stricken because Debelov, a non-lawyer, may not represent a corporation.

The Court is unable to resolve the issues of personal jurisdiction raised by the parties on the current record. As such, consideration of the motion to dismiss as to Defendant Debelov is stayed and the Court orders jurisdictional discovery.

I.    **CHEETAH X**

Debelov filed the motion to dismiss on behalf of himself and Cheetah X, a corporation. A corporation may not appear pro se in federal court. *See In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999) ("The law is clear that a corporation can be represented only by a licensed attorney.");

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); Civil L.R. 3-9(b) ("A corporation . . . may appear only through a member of the bar of this Court."). On this ground, Mhmoud moves to strike the motion to dismiss as it relates to the Cheetah X. ECF No. 25 at 12. Accordingly, the Court strikes the motion to dismiss as to Cheetah X.

## II.    DEBELOV

### A.    Service

On March 6, 2025, Mhmoud moved for alternative service. ECF No. 10. Chief Magistrate Judge Ryu granted the motion, ordering alternative service because Mhmoud had attempted unsuccessfully to serve Debelov at his residence seven times. ECF No. 15.

Debelov now argues that Mhmoud has not effected sufficient service. ECF No. 19 at 10–14. However, Mhmoud filed proof on the docket that she served Debelov using the methods prescribed by Judge Ryu in her order authorizing alternative service. ECF No. 18; ECF No. 15. Judge Ryu ordered Mhmoud to post a copy of the complaint, summons, and the alternative service order on the front door of Debelov's "residence" and to mail them to the same address by certified mail. ECF No. 15 at 3. Mhmoud posted service on the front door of a San Francisco property that, according to Debelov's own declaration, he rents as his primary California residence.[1] ECF No. 19 at 20. Although Debelov only spends "limited" time in California, he maintains a California driver's license and voter registration. *Id*. He argues that the San Francisco property is not his "dwelling" or "usual place of abode" under Rule 4(e)(2), ECF No. 19 at 12, but Judge Ryu's order relied on Rule 4(e)(1), which authorizes service in compliance with state law. California Code of Civil Procedure Section 413.30 requires only that a "court in which the action is pending [] direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Ordering service at the California address—at which Debelov was aware of at least one

---

[1] In his motion to dismiss, Debelov suggests that he only spends three weeks annually in his California residence. ECF No. 19 at 12. His declaration, however, states only that he spent three weeks there in 2021 and has spent "limited" time there in the years since. *Id*. at 20.

United States District Court
Northern District of California

prior service attempt because he had spoken to the process server by phone—was reasonably calculated to give him actual notice. ECF No. 15 at 3.

Judge Ryu also ordered Mhmoud to send the documents to Debelov by email. ECF No. 15 at 3; ECF No. 18 at 2. Debelov argues that service to his email was also defective because such service requires a court order and because he "rarely monitors this address." ECF No. 19 at 13. But email service was pursuant to a court order, and the court order wisely directed Mhmoud to send the documents to the "most current email address she previously used to communicate with him," which was also reasonably calculated to provide Debelov with actual notice.

Because Mhmoud served Debelov in compliance with Judge Ryu's order, and the procedures identified in Judge Ryu's order were reasonably calculated to give actual notice to Debelov, service was proper and the Court may exercise personal jurisdiction over Debelov. *See* Fed. R. Civ. P. 4(k).

### B.    Personal Jurisdiction

The plaintiff bears the burden to establish the Court's personal jurisdiction over a defendant. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984), *cert. denied,* 470 U.S. 1005 (1985). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal citation and quotation marks omitted). Moreover, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id*.

### 1.    General Jurisdiction

Individuals are subject to general jurisdiction in their state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Otherwise, "[c]ourts may only exercise general jurisdiction over an individual outside of their domicile when the individual's contacts with a forum are 'so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes.'" *De Ciel v. Porter*, No. 3:25-CV-03351-JSC, 2025 WL 2483160, at *2 (N.D. Cal. Aug. 28, 2025) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

United States District Court
Northern District of California

Debelov submits with his motion to dismiss a declaration stating that he "maintain[s] residences in both Florida and California," that he rents or owns[2] property in San Francisco, where he spends a "limited" amount of time each year, and that while he "maintain[s] a California driver's license or voter registration for historical reasons, these do not reflect [his] actual residency or business activities." ECF No. 19 at 20. Mhmoud argues that Debelov's maintenance of a California residence, driver's license, and voter registration establish general jurisdiction. ECF No. 25 at 5. But while driver's licenses and voter registration are strong evidence of domicile, *Collins v. Golden Gate Bell, LLC*, No. 18-CV-06297-NC, 2019 WL 2523571, at *3 (N.D. Cal. June 19, 2019), that strong evidence is counterbalanced, at least to some extent, by Debelov's statement that he resides in California for only a limited period each year.

Mhmoud also points out that Debelov attached to his own motion the following documents listing a San Francisco business address for Cheetah X: (1) a legal opinion letter from Nacht & Associates, dated November 15, 2023, and (2) an advisory letter from the State of Connecticut Department of Banking, dated July 24, 2024. ECF No. 25 at 4.[3] While this evidence may be helpful in establishing general jurisdiction over Cheetah X, it does not directly establish general jurisdiction over Debelov. *See M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*, No. CV 19-5154-MWF (SSX), 2019 WL 4750116, at *5 (C.D. Cal. Sept. 27, 2019) ("[T]he 'fiduciary shield' doctrine states that an independent basis must exist for exercising personal jurisdiction over corporate officers apart from the contact their corporate employer had with the forum state." (citing *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981)).

Mhmoud has identified Debelov's residence, driver's license, and voter registration as evidence of his domicile, counterbalanced only by his bare assertion that he resides in California only for a limited period. The Court finds that this record is too spare to decide whether Debelov is domiciled in California and exercises its discretion to order jurisdictional discovery. *See Laub*

---

[2] Debelov's declaration states that he "rents property" in California, but his motion to dismiss refers repeatedly to "owning rental property" in the state. Compare ECF No 19 at 20 with ECF No. 19 at 15.

[3] Mhmoud also asserts that Debelov's email signature block lists a San Francisco address and that a correspondence with Arizona regulators does the same, but the Court was unable to find either document in the record and Mhmoud provides no further detail.

United States District Court
Northern District of California

United States District Court
Northern District of California

*v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny [jurisdictional] discovery."); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (holding that jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.")

### 2.    Specific Jurisdiction

To establish specific jurisdiction, the plaintiff must establish three elements. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id*. Third, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id*.

Debelov also argues that there is no specific jurisdiction over him in California because Cheetah X has no California operations, employees, or customers, no scooters were sold to or deployed in California, and all relevant business activities occurred in Florida, Hawaii, Louisiana, and Nevada. ECF No. 19 at 14–15. He also argues that the program was conceived and managed in Florida and that no representations or decisions are made in California. *Id*. at 15. Mhmoud questions the truth of these assertions given that Debelov attached to his motion documents listing a San Francisco business address for Cheetah X. ECF No. 25 at 4. Mhmoud also points out that California Department of Financial Protection & Innovation ("DFPI") issued a formal Desist and Refrain Order on July 3, 2025, finding that Defendants had engaged in securities fraud affecting California investors, and that Securities and Exchange Commission enforcement actions identify California as a site of Defendants' business operations, although neither of these documents appears to be in the record. *Id*. at 6–7. Debelov argues without elaborating that the DFPI order is incorrect that California investors were affected, and that the SEC complaint does not identify California as a site of operations. ECF No. 26 at 9. He also argues that the California address included on some of his correspondence was "outdated and ministerial; no actual operations

United States District Court
Northern District of California

occurred there." ECF No. 26 at 8.

The Court concludes that this record is also insufficient to determine specific jurisdiction. Without more information, the Court cannot resolve the parties' competing factual contentions as to whether Debelov, through Cheetah X, undertook business operations related to Mhmoud's claims in California or what those operations consisted in. The scope of jurisdictional discovery shall cover general and specific jurisdiction to elaborate on and resolve the issues outlined above.

## CONCLUSION

The Court stays consideration of the motion to dismiss as to Defendant Debelov and orders discovery on the personal jurisdiction issues raised by the parties. Within 14 days of the date of this order, the parties shall submit joint or separate proposals proposing a deadline for the close of jurisdictional discovery, covering the issues outlined above. The Court has stricken the motion to dismiss as to Cheetah X. The parties' proposal(s) shall indicate when, relative to jurisdictional discovery, Cheetah X should answer the complaint or file a new motion to dismiss through counsel.

**IT IS SO ORDERED.**

Dated: March 5, 2026



JON S. TIGAR
United States District Judge