UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

————————————————————————X

DINA ADEL MHMOUD,

        Plaintiff,                           Case No. 4:25-cv-00198-JST

v.

CHEETAH X INC. dba GO X, and ALEXANDER DEBELOV,

        Defendants.

————————————————————————X

### PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE RE MATERIALLY INCONSISTENT JURISDICTIONAL STATEMENTS BY DEFENDANTS AND FOR EXPEDITED JURISDICTIONAL DETERMINATION

Plaintiff Dina Adel Mhmoud, appearing pro se, respectfully moves for an order to show cause directing Defendant Alexander Debelov and Cheetah X Inc to explain why their jurisdictional submissions in this action should not be deemed materially misleading in light of his later sworn declaration and related filings in D.B. Hawaii, Inc. d/b/a Polynesian Hostel v. Alexander Debelov and Cheetah X, Inc. d/b/a Go X, Case No. 1CCV-24-0000234, in the Circuit Court of the First Circuit, State of Hawai'i (the "Hawai'i Action"), and why the Court should not grant expedited jurisdictional relief. This motion is based on Defendant's declarations and exhibits filed in this action, the Court's March 5, 2026 order authorizing jurisdictional discovery, and recently obtained filings from the Hawai'i Action showing materially inconsistent representations about Defendant's California residence and Cheetah X Inc.'s California business presence.

## I. INTRODUCTION

This motion concerns the same jurisdictional issue this Court has already identified as unresolved: the true extent of Defendant Alexander Debelov's and Cheetah X Inc.'s contacts with California. Under International Shoe Co. v. Washington, 326 U.S. 310 (1945), a defendant must have such "minimum contacts" with the forum that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Modern cases recognize two types of personal jurisdiction: general and specific. For corporations, general jurisdiction typically exists only where they are incorporated and where they have their principal place of business, and in "exceptional" cases where their forum contacts are so substantial as to render them essentially "at home" there. See Daimler AG v. Bauman, 571 U.S. 117, 137–39 (2014).

In this case, Defendant submitted a sworn declaration dated August 4, 2025 (¶12, Dkt 19) stating that Go X had "absolutely no business presence in California," had not been registered to do

business in California for over five years, had no registered agent in California for over five years, and that California was absent from the company's operating-state list because Go X had "never conducted business there." He asserted that Go X operated exclusively in Florida, Hawai'i, Louisiana, and Nevada.

Defendant did not merely deny California contacts. He specifically told this Court that while he maintained a California driver's license and voter registration, those were only for "historical reasons" and did "not reflect my actual residency or business activities," and that he was "in the process of updating these documents to reflect my Florida residency." He also stated that the San Francisco property was not his "dwelling" or "usual place of abode" under Federal Rule of Civil Procedure 4(e). See Dkt. No. 19 (Debelov's Motion to Quash and Dismiss).

Those sworn assertions are contradicted by Defendant's own exhibits in this case, by California regulatory and corporate records, by Plaintiff's original complaint and demand letter identifying the San Francisco address as Defendants' business address, and by Defendant's later declaration filed in the Hawai'i Action. In his October 29, 2025 Hawai'i declaration, Defendant stated under penalty of perjury: "Since June, 2011, I have resided continuously at the following address: 338 Spear St Unit 8C, San Francisco, CA 94105" (Exhibit A). On March 16, 2026, Defendant's counsel in the Hawai'i Action filed a motion to dismiss together with a notice of hearing that continued to litigate jurisdiction after that declaration and described Cheetah X's "home office" as being in California (Exhibit B at 4).

The inconsistency is material because this Court has already held that the record was too sparse to resolve personal jurisdiction and ordered jurisdictional discovery. Courts deciding personal-jurisdiction questions rely heavily on sworn declarations about a defendant's domicile and principal place of business; materially inconsistent statements on those topics go to the heart of the jurisdictional analysis under International Shoe, Daimler, and more recent decisions applying those standards. Plaintiff therefore respectfully requests that the Court issue an order to show cause, require Defendant to reconcile these conflicting sworn positions, and either determine that the new evidence is sufficient to establish key California domicile and business-presence facts for purposes of personal-jurisdiction analysis or expedite the remaining jurisdictional proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A. Defendant's August 4, 2025 Declaration in This Case

In support of his motion to quash and dismiss, Defendant Alexander Debelov submitted a declaration executed on August 4, 2025 (see, e.g., ¶ 12, Dkt. No. 19). In that declaration, he acknowledged maintaining a California driver's license and California voter registration, but sought to minimize the significance of those contacts by stating: "While I maintain a California driver's license and voter registration for historical reasons, these do not reflect my actual

residency or business activities. I am in the process of updating these documents to reflect my Florida residency."

He further stated: "The San Francisco property is not my 'dwelling' or 'usual place of abode' as those terms are used in Federal Rule of Civil Procedure 4(e)."

Defendant then described Go X's purported lack of any California presence, stating under penalty of perjury that:

• "Go X has absolutely no business presence in California."

• The company maintains no offices, facilities, or physical presence in California.

• The company has no employees or contractors based in California.

• "Go X has not been registered to do business in California for over five years."

• "Go X has had no registered agent for service of process in California for over five years."

• Go X operates exclusively in Florida, Hawaii, Louisiana, and Nevada.

• "In each of our operating states, we maintain proper business registrations, registered agents, and comply with all local regulations. California is notably absent from this list because we have never conducted business there."

These statements were plainly offered to defeat personal jurisdiction in this Court.

B. The Court's March 5, 2026 Order Left Jurisdiction Open

On March 5, 2026, this Court held that the existing record was insufficient to resolve personal jurisdiction conclusively and ordered jurisdictional discovery concerning both general and specific jurisdiction over Defendant Debelov.  The Court specifically noted California-related evidence in the record, including California addresses appearing on Defendant's exhibits, and stayed consideration of the motion to dismiss as to Debelov pending that discovery.

Federal courts, including the Ninth Circuit, recognize that where a plaintiff makes a colorable showing of personal jurisdiction but key facts are disputed or unclear, limited jurisdictional discovery is appropriate to determine whether due process is satisfied.  Plaintiff then submitted a jurisdictional discovery plan proposing targeted discovery into Debelov's domicile, California residence, California driver's license and voter registration, Cheetah X's California addresses, and the company's California-related operations and investor solicitations. Truthful jurisdictional declarations are therefore central to an issue already pending before this Court.

C. Defendant's October 29, 2025 Hawai'i Declaration Contradicts His Position Here (Exhibit A)

Plaintiff has now obtained Defendant's declaration filed in the Hawai'i Action and dated October 29, 2025. In that declaration, Defendant stated under penalty of perjury: "Since June, 2011, I

have resided continuously at the following address: 338 Spear St Unit 8C, San Francisco, CA 94105." (Exhibit A.)

That statement was made less than three months after Defendant's August 4, 2025 declaration in this case. It is materially inconsistent with Defendant's effort here to characterize his California driver's license and voter registration as merely historical, to claim that the San Francisco property was not his dwelling or usual place of abode, and to deny California business presence by Go X.

D. The March 16, 2026 Hawaiʻi Motion and Hearing Notice Further Confirm the Contradictory Position (Exhibit B)

On March 16, 2026, Defendant's counsel in the Hawaiʻi Action filed a Motion to Dismiss the Amended Complaint Pursuant to Haw. R. Civ. P. 12(b)(2) and a Notice of Hearing, continuing to litigate personal jurisdiction after the October 29, 2025 declaration had been filed. In that brief, Defendants asserted that "Cheetah X, Inc. is domiciled in Delaware where it is incorporated, as well as in California where its home office is located," relying on corporate records and the complaint's allegation that Cheetah X's home office is in California. (Exhibit B at 4.)

While the March 16, 2026 motion is not itself the key sworn statement, it is important context because it shows that Defendant and his counsel were actively using the Hawaiʻi jurisdictional record - premised on continuous California residence and a California home office, as recently as March 2026.

### III. ARGUMENT

A. An Order to Show Cause Is Warranted Because Defendant Has Taken Materially Inconsistent Positions on Core Jurisdictional Facts

Under International Shoe, a court's personal-jurisdiction analysis must be grounded in the defendant's actual contacts with the forum. For individuals, long-term residence in the forum is a classic basis for general jurisdiction; for corporations, incorporation and principal place of business are the "paradigm" forums where they are "at home," and only in rare circumstances may they be deemed at home elsewhere. See Daimler, 571 U.S. at 137–39.  More recent appellate decisions emphasize that courts must carefully assess the quality and nature of the defendant's forum contacts against this framework and that a thin or incomplete record should be developed, not simply accepted at face value.

At the same time, federal courts possess inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which includes the power to address bad-faith tactics, protect the integrity of their proceedings, and sanction parties who present misleading or inconsistent factual positions to the court.  When a defendant makes jurisdictional representations in one forum and materially inconsistent representations in another about the same underlying facts -domicile, residence, and principal place of business, courts may order the

defendant to explain the discrepancies, draw adverse inferences, and impose sanctions as appropriate.

Here, the contradiction concerns personal jurisdiction, residence, domicile, office location, and business presence in California - facts that go directly to whether this Court may exercise general or specific jurisdiction under International Shoe and Daimler. In this action, Defendant told the Court that his California driver's license and voter registration were merely "historical" and did not reflect his actual residency or business activities; that he was in the process of changing them to Florida; that the San Francisco property was not his dwelling or usual place of abode; and that Go X had "absolutely no business presence in California," no offices or physical presence in California, and had "never conducted business there."

Yet Defendant's own exhibits show California registration records, California mailing and principal addresses, and California-addressed legal and regulatory documents, including a California DFPI enforcement order listing 338 Spear St Unit 8C, San Francisco, as Go X's principal place of business (Exhibit C). Plaintiff's complaint and demand letter used the same San Francisco address for Defendants. The Hawai'i declaration then states that since June 2011 Debelov has resided continuously at that San Francisco address, and the Hawai'i motion represents that Cheetah X's "home office" is in California. The Court should not be required to decide personal-jurisdiction issues on the basis of such internally inconsistent sworn accounts.

At minimum, Defendant should be ordered to explain these conflicting positions under oath so that the Court can evaluate personal jurisdiction on a coherent factual record and exercise its inherent authority as needed to address any bad-faith conduct.

B. Paragraph 12 and the Surrounding Statements Are Directly Undermined by the Record (See Dkt 19)

Paragraph 12 of Defendant's August 4, 2025 declaration does not stand alone. It follows and accompanies a series of categorical statements: that Defendant's California driver's license and voter registration are merely "historical," that the San Francisco property is not his "dwelling" or "usual place of abode," that Go X has "absolutely no business presence in California," maintains no offices, facilities, or physical presence in California, has no California employees or contractors, and operates exclusively in Florida, Hawaii, Louisiana, and Nevada. Defendant then told this Court that California was "notably absent" from the operating-state list "because we have never conducted business there."

Those statements are irreconcilable with Defendant's later sworn statement in Hawai'i that he has resided continuously at 338 Spear St Unit 8C, San Francisco, California since June 2011, and with the Hawai'i brief's assertion that Cheetah X Inc. is domiciled in California where its "home office" is located. In the context of personal jurisdiction, long-term residence and the location of a company's "home office" are precisely the sorts of continuous and systematic contacts that the

Supreme Court has treated as central to general-jurisdiction analysis. See Daimler, 571 U.S. at 137–39.

If Defendant's explanation is that these California contacts were merely historical or nominal, the Court should require that explanation in a new sworn submission because Defendant himself repeatedly used those California ties in legal proceedings, corporate records, and regulatory matters.  Absent a credible explanation, the Court may draw adverse inferences, preclude contrary evidence, or consider sanctions under its inherent authority, consistent with federal practice recognizing that courts need not accept jurisdictional positions that shift depending on the forum's convenience to the defendant.

C. The New Evidence Substantially Advances the Jurisdictional Inquiry Already Identified by the Court

This Court already found that the jurisdictional record needed further development and emphasized that the record was too sparse to decide whether Debelov is subject to personal jurisdiction in California.  The October 29, 2025 declaration filed in the Hawai'i Action and the March 16, 2026 Motion to Dismiss the Amended Complaint and Notice of Hearing go directly to the questions identified by the Court and Plaintiff's jurisdictional discovery plan: Debelov's California domicile, the use of the 338 Spear Street address, and the true extent of Cheetah X's California business presence.

In addition, Plaintiff's complaint, Defendant's own exhibits, and the California DFPI order all identify 338 Spear St Unit 8C as Cheetah X's principal place of business or business address in California (See Dkt 25). Taken together, these materials substantially strengthen the basis for finding general jurisdiction over Debelov and California-centered business activity by Cheetah X under the "at home" and minimum-contacts standards articulated in International Shoe and Daimler, and they are the kind of concrete evidence that appellate courts have emphasized is necessary to support or refute personal-jurisdiction rulings.

D. The Court Should Either Treat the New Record as Sufficient or Expedite Remaining Jurisdictional Proceedings

Plaintiff respectfully submits that the new evidence may already be sufficient to establish key jurisdictional facts, including Debelov's California domicile and Cheetah X's California principal business address, which would justify a finding of general jurisdiction consistent with Daimler and related authority.  The new evidence substantially narrows the factual dispute identified in the Court's March 5, 2026 order by squarely addressing domicile and principal place of business.

Accordingly, Plaintiff respectfully requests that the Court either: (1) treat the California domicile and principal business-address facts as established, or at minimum substantially supported, for purposes of personal-jurisdiction analysis; or, in the alternative, (2) issue an order to show cause requiring Defendant to file a supplemental sworn declaration addressing the specific

inconsistencies outlined above and setting an expedited schedule for the completion of any remaining jurisdictional discovery.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.      Issue an Order to Show Cause directing Defendant Alexander Debelov to explain why his sworn statements in this action regarding California residence, domicile, and business presence should not be deemed materially inconsistent with his October 29, 2025 declaration filed in the Hawai‘i Action and the related March 16, 2026 Motion to Dismiss the Amended Complaint Pursuant to Haw. R. Civ. P. 12(b)(2) and Notice of Hearing.

2.      Require Defendant to file a supplemental sworn declaration specifically addressing:

a. his statement that his California driver's license and voter registration were merely "historical" and did not reflect his actual residency or business activities;

b. his statement that the San Francisco property was not his dwelling or usual place of abode;

c. his statement that Go X had "absolutely no business presence in California";

d. his statement that California was absent from the company's operating-state list because Go X had "never conducted business there";

e. the California Secretary of State records showing Cheetah X Inc. with principal and mailing address at 338 Spear St Unit 8C, San Francisco, California 94105; and

f. his October 29, 2025 declaration stating that he had resided continuously at 338 Spear St Unit 8C, San Francisco, California 94105 since June 2011.

3.      Determine that the newly discovered evidence is sufficient to establish, or at least substantially support, Plaintiff's position that Debelov and Cheetah X Inc. d/b/a Go X are domiciled in California and that Cheetah X maintained a principal business address at 338 Spear St Unit 8C, San Francisco, California 94105, consistent with the general-jurisdiction standards articulated in Daimler and related authority.

4.      Grant such other and further relief, including evidentiary consequences (such as adverse inferences or preclusion), expanded jurisdictional discovery, or sanctions-related relief under the Court's inherent authority, as the Court deems just and proper.

## V. CONCLUSION

Debelov's October 29, 2025 declaration, the March 16, 2026 Motion to Dismiss the Amended Complaint and Notice of Hearing, Defendant's own exhibits in this case, and the California records reveal serious and material inconsistencies in Defendant's sworn descriptions of his California residence and Cheetah X's California business presence.  Because those facts bear

directly on the personal-jurisdiction issue this Court has already identified as unresolved, and because due process requires personal-jurisdiction determinations to rest on accurate minimum-contacts and "at home" facts under International Shoe and Daimler, an order to show cause and expedited jurisdictional relief are warranted.

Respectfully submitted,

Dina Adel Mhmoud

Plaintiff, Pro Se

Dated: April 21, 2026

DECLARATION OF DINA ADEL MHMOUD

Pursuant to 28 U.S.C. § 1746, I, Dina Adel Mhmoud, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and based on the records filed in this case and the records filed in D.B. Hawaii, Inc. d/b/a Polynesian Hostel v. Alexander Debelov and Cheetah X, Inc. d/b/a Go X, Case No. 1CCV-24-0000234, in the Circuit Court of the First Circuit, State of Hawaiʻi referenced above.

Executed on April 21, 2026.

Dina Mhmoud