UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DINA ADEL MHMOUD,

Plaintiff,

v.

CHEETAH X INC., et al.,

Defendants.

Case No. 25-cv-00198-JST

**ORDER**

Re: ECF No. 38

Before the Court is Plaintiff Dina Mhmoud's motion for an order to show cause regarding materially inconsistent jurisdictional statements by Defendants and for an expedited determination of personal jurisdiction. ECF No. 38. In her motion, Mhmoud identifies a declaration signed by Defendant Debelov on October 29, 2025, and submitted to the U.S. District Court for the District of Hawai'i under penalty of law. ECF No. 38-1 at 3. In the declaration, Debelov states that he has resided continuously since June 2011 at 338 Spear St, Unit 8C, San Francisco, CA 95105. *Id*. at 2. In his motion to dismiss before this Court, signed on August 4, 2025 and submitted under penalty of perjury, Debelov stated that he rents property in California to "spend time throughout the year," but that his time there is "limited" and that in 2021, he spent fewer than three weeks total there. ECF No. 19 at 20, 25. He explained that "the San Francisco property is not his 'dwelling' or 'usual place of abode'" and that his California driver's license and voter registration do not reflect his actual residency or business activities. *Id*. at 20.

Based on the foregoing, Mhmoud seeks an order to show cause requiring Debelov to reconcile these contradictory declarations and requests that the Court "either determine that the new evidence is sufficient to establish key California domicile and business-presence facts for purposes of personal-jurisdiction analysis or expedite the remaining jurisdictional proceedings."

ECF No. 38 at 2.

Mhmoud's motion is denied.  She may continue to explore these issues in discovery and raise them in post-discovery jurisdictional briefing.  Mhmoud may also consider other remedies that may be available to her and the Court, including sanctions under Rule 11 of the Federal Rules of Civil Procedure or the court's inherent authority.[1]  *See Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX, 2015 WL 12732433, at *5 (C.D. Cal. Dec. 14, 2015) (entering default judgment as a sanction because the defendant filed false declarations with different federal courts and otherwise obstructed the discovery process); *see also Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (holding that the "courts have inherent power to [enter sanctions] . . . when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice").

**IT IS SO ORDERED.**

Dated:  April 28, 2026



_____
JON S. TIGAR
United States District Judge

---

[1] Under Civil Local Rule 7-8, a motion for sanctions "must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate."  The Court nonetheless defers consideration of these issues because any such motion would likely benefit from the presentation of additional evidence gathered during the parties' ongoing jurisdictional discovery.

United States District Court
Northern District of California