DEBRA ELLWOOD MEPPEN (SBN: 183885)
dmeppen@grsm.com
SONIA J. TAYLOR (SBN: 263553)
staylor@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, California 90071
Telephone: (213) 576-5094
Facsimile:(213) 680-4470

Attorneys for Defendants
CHEETAH X INC. dba GO X
And ALEXANDER DEBELOV

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DINA MHMOUD,

Plaintiff,

v.

CHEETAH X INC. dba GO X
And ALEXANDER DEBELOV,

Defendant.

Case No. 4:25-cv-00198-JST

*Hon. Jon S. Tigar*

**DEFENDANTS CHEETAH X INC.'S DBA GO X AND ALEXANDER DEBELOV'S COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF GENERAL AND PERSONAL JURISDICTION UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12 (b)(2)**

*Complaint Filed: January 7, 2025*

Judge: Hon. John S. Tigar
Courtroom: 6
Date: November 19, 2026
Time: 2:00 pm

**TO THIS HONORABLE COURT AND TO ALL PARTIES:**

Defendant CHEETAH X INC. DBA GO X, (hereinafter "CHEETAH X") and Defendant ALEXANDER DEBELOV, (hereinafter "Mr. Debelov") submit this Combined Reply in Support Of their Motion to Dismiss for lack of general and personal jurisdiction.

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 4

II. THE GOVERNING STANDARD REQUIRES ADMISSIBLE EVIDENCE OF JURISDICTION AS IT EXISTED AT THE TIME OF FILING .......... 5

III. THERE IS NO GENERAL OR PERSONAL JURISDICTION OVER ALEXANDER DEBELOV .......... 5

IV. THERE IS NO GENERAL OR PERSONAL JURISDICTION OVER CHEETAH X .......... 6

V. DEFENDANTS' PRIOR STATEMENTS DO NOT ESTABLISH JURISDICTION, AND JUDICIAL ESTOPPEL DOES NOT APPLY .......... 8

A. Prior Sworn Statements Are Evidentiary, Not Conclusive .......... 8

VI. THERE IS NO SPECIFIC JURISDICTION OVER CHEETAH X OR MR. DEBELOV .......... 10

A. Plaintiff cannot supply the connection to California with her own residence or the seller's location. .......... 10

B. Plaintiff's claims do not arise out of or relate to California conduct .......... 10

C. The exercise of jurisdiction would be unreasonable .......... 11

VII. THE COURT SHOULD NOT DEFER RULING FOR JURISDICTIONAL DISCOVERY .......... 12

VIII. CONCLUSION .......... 13

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ........ 4, 5, 13

*Briskin v. Shopify, Inc.*,
135 F.4th 739 (9th Cir. 2025) ........ 10, 11

*Daimler AG v. Bauman*,
571 U.S. 117 S. Ct. 746 L. Ed. 2d 624 (2014) ........ 7

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ........ 11

*Hernandez v. Mimi's Rock Corp.*,
632 F. Supp. 3d 1052 (N.D. Cal. 2022) ........ 4, 5, 9, 13

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ........ 7, 8

*King v. Am. Fam. Mut. Ins. Co.*,
*632 F.3d 570 (9th Cir. 2011)* ........ 7

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ........ 4, 5, 6

*Migliori v. Boeing N. Am., Inc.*,
97 F. Supp. 2d 1001 (C.D. Cal. 2000) ........ 8, 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ........ 10, 11

*Walden v. Fiore*,
571 U.S. 277, 134 S. Ct. 1115 L. Ed. 2d 12 (2014) ........ 10

**Rules**

Fed. R. Civ. P. 12(b)(2) ........ 13

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dina Adel Mhmoud ("Plaintiff") bears the burden of establishing personal jurisdiction, and she must establish it on the facts as they existed on January 7, 2025, when she filed suit. (*Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052 (N.D. Cal. 2022); *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008); *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986)). Plaintiff's Opposition does neither. It assembles a collection of historical records — a 2020 tax return, a Secretary of State registration that lapsed in 2020, banking addresses that changed to Florida in October 2024, and deposition testimony about 2022 and 2023 — and asks this Court to treat that backward-looking record as proof that Cheetah X Inc. ("Cheetah X") and Alexander Debelov ("Debelov") were "at home" in California, or purposefully directing this dispute from California, at the moment this case began. The measuring date defeats that effort, not supports it.

Plaintiff's own submission **confirms** the operative facts. She is a resident of Ohio. (Plaintiff's Opposition to Motion to Dismiss [Plaintiff lists address on all pleadings as Ohio) The scooters Plaintiff purchased by Plaintiff were deployed in Florida — **never California**. (Debelov Decl. ¶14). This is undisputed by Plaintiff. Cheetah X is a Delaware corporation whose operations, personnel, and records are in Florida. (Debelov Decl. in Support of Motion to Dismiss).

The Opposition's remaining theories fail. Plaintiff treats Debelov's prior declarations as conclusive "admissions," but statements made in other proceedings are evidentiary only, to be weighed against the full record — not binding concessions of jurisdiction. And her specific-jurisdiction theory asks the Court to hale Defendants into California over a dispute an Ohio plaintiff has with a company that deployed her scooters elsewhere. Finally, Plaintiff's fallback request for more jurisdictional discovery is both waived and futile. Defendants adamantly oppose any additional jurisdictional discovery. The motion should be granted.

## II. THE GOVERNING STANDARD REQUIRES ADMISSIBLE EVIDENCE OF JURISDICTION AS IT EXISTED AT THE TIME OF FILING

Plaintiff correctly states that, on a motion decided on the papers, she "need only make a prima facie showing of jurisdictional facts." (*Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008)*). However, that standard is not the rubber stamp her brief assumes, as evidenced by the in-depth analysis in cases such as *Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1061 (N.D. Cal. 2022).

Jurisdictional facts are measured as of the date the complaint was filed. For an individual the existence of domicile is determined as of the time the lawsuit is filed. (*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986)). Plaintiff embraces this rule — she devotes a full section of her Opposition to arguing that contacts are measured at filing. (Plaintiff's Opposition to Motion to Dismiss at 14-15). She cannot invoke the filing-date rule and then rely on a 2020 tax return, a 2020 registration lapse, 2022–2023 deposition testimony, and banking addresses discontinued in October 2024 to carry her burden as of January 7, 2025.

## III. THERE IS NO GENERAL OR PERSONAL JURISDICTION OVER ALEXANDER DEBELOV

Plaintiff's theory that Debelov was domiciled in California on the filing date rests on records she selects and freezes in time, while ignoring the objective, contemporaneous facts. On the correct standard, applied as of January 7, 2025, Plaintiff has not carried her burden.

Domicile requires both "a fixed habitation or abode in a particular place" and the intent "to remain there permanently or indefinitely." (*Lew v. Moss*, 797 F.2d 747, 749 [citations omitted] (9th Cir. 1986)) It is a totality-of-the-circumstances question in which no single factor controls; the recognized factors include residence, voting registration, property, bank accounts, the location of one's family, place of employment or business, driver's license, and payment of taxes.(*Lew v. Moss*, 797

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

F.2d 747 (9th Cir. 1986)) Critically, domicile is evaluated in terms of objective facts and formal indicia are not conclusive where the objective facts point elsewhere.(*Lew v. Moss, 797 F.2d 747 (9th Cir. 1986)*)

The objective facts here place Mr. Debelov's life and business in Florida. His declaration also confirms that Cheetah X's "operations, personnel, and records are located in Florida." (Debelov Declaration in Support of Motion to Dismiss). Plaintiff's own opposition confirms these facts in great part and includes evidence supporting evidence that Mr. Debelov was not domiciled in California as of the date this action was filed, and that Cheetah X is not subject to jurisdiction in California. (Plaintiff's Opposition at 6-9). The company's day-to-day representative who dealt with Plaintiff, Khodor Salam, is in Florida.(Debelov Declaration in Support of Motion to Dismiss ¶10) (*See*, *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986))

Plaintiff's reliance on the presumption of continuing domicile is misplaced for the same reason. The presumption she cites shifts only the burden of production; the party invoking jurisdiction continues to have the burden of proof. (*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)) Even accepting that Debelov once had California ties, the record supplies exactly the evidence of a Florida-centered life that the presumption calls for, and that the company and its personnel are in Florida. (Plaintiff's Opposition to Motion to Dismiss at 8-9; Debelov Declaration in Support of Motion to Dismiss) The presumption cannot substitute for Plaintiff's burden to prove, on the objective facts as of January 7, 2025, that California — not Florida — was Debelov's permanent home.

At most, Plaintiff has shown a genuine dispute about Debelov's domicile; a dispute is not the affirmative showing the law requires of her.

## IV. <u>THERE IS NO GENERAL OR PERSONAL JURISDICTION OVER CHEETAH X</u>

Cheetah X is incorporated in Delaware — a fact Plaintiff does not dispute. (Debelov Declaration in Support of Motion to Dismiss at 4) The only question is

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

whether its principal place of business was in California when suit was filed. It was not, and Plaintiff's contrary theory misapplies the governing test.

A corporation is subject to general jurisdiction only where its affiliations are "so continuous and systematic as to render [it] essentially at home in the forum State" --paradigmatically its place of incorporation and its principal place of business. (*Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014); Continuous activity of some sorts within a state is not enough.(*Daimler AG v. Bauman*, *Id.*) The standard for general personal jurisdiction "is high"; a defendant "must not only step through the door, it must also [sit] down and make itself at home," with contacts that "approximate physical presence."(*King v. Am. Fam. Mut. Ins. Co., 632 F.3d 570 (9th Cir. 2011)* [citations omitted]) A Delaware corporation that does business in California — even registered business — is not "at home" there.

Plaintiff's "nerve center" theory ignores what *Hertz* actually requires. The principal place of business is the single "place where a corporation's high level officers direct, control, and coordinate the corporation's activities" — one "place" within a State, not the State itself, and "normally ... the place where the corporation maintains its headquarters." (*Hertz Corp. v. Friend*, 559 U.S. 77, 93) (2010). *Hertz* squarely rejects the proof Plaintiff offers. The Court held that the mere filing of a form listing a corporation's "principal executive offices" is not, "without more, ... sufficient proof to establish a corporation's nerve center," and that where an alleged nerve center is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat," courts look instead to "the place of actual direction, control, and coordination." (*Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)) A "Principal Address" field on a lapsed, tax-forfeited Secretary of State record and a 2020 tax return address are exactly the kind of formal listings *Hertz* holds insufficient.

Plaintiff's own evidence, taken on its terms, defeats the nerve-center theory rather than establishing it. She relies on Debelov's statement that "my location was

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

'headquarters' in the sense that executive decisions were made wherever I was." (Plaintiff's Opposition to Motion to Dismiss at 16, citing Ex. 9, Declaration in SEC action.) But a nerve center is a single, fixed "place" — not a location that floats with an executive's travels.(*Hertz Corp. v. Friend, 559 U.S. 77 (2010)*) And on Plaintiff's own account, Debelov was in San Francisco only "one third of the time," spending the balance "traveling to different markets" and "in Florida."(Plaintiff's Opposition to Motion to Dismiss) A place an officer occupies a third of the time is not the "principal" — the "main, prominent, or leading" — place of the corporation's direction and control.(*Hertz Corp. v. Friend, supra*.) Measured at filing, the contemporaneous record points to Florida: Cheetah X operated "primarily in Florida and Hawaii"(Debelov Declaration in Support of Motion to Dismiss).

Plaintiff's central move is to treat Debelov's statements in other matters as conclusive admissions that settle jurisdiction and as grounds for judicial estoppel. Both theories fail.

## V. DEFENDANTS' PRIOR STATEMENTS DO NOT ESTABLISH JURISDICTION, AND JUDICIAL ESTOPPEL DOES NOT APPLY

### A. Prior Sworn Statements Are Evidentiary, Not Conclusive

A party's statements made in a different proceeding, when offered against him, are not conclusive but evidentiary only, and the party is entitled, if he can, to overcome by evidence the apparent inconsistency. The Central District of California directly addressed the question of prior-proceeding pleadings in *Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001 (C.D. Cal. 2000) In that case, the defendant argued that allegations the plaintiffs had made in a prior, separate lawsuit constituted binding judicial admissions that conclusively established the plaintiffs' knowledge and barred their claims. The court rejected this argument, holding that pleadings from a prior litigation can be used as evidence but are not judicial

admissions binding upon the litigants in a different litigation. *Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001 (C.D. Cal. 2000) The court noted that such prior statements merely constitute evidence that can be used at trial to counter a party's allegations — they do not foreclose the opposing party from contesting the underlying facts. *Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001 (C.D. Cal. 2000)

Debelov's declarations in the SEC and Hawai'i matters are therefore evidence the Court weighs against the entire record —including his declaration that the company's operations, personnel, and records are in Florida. (Debelov Declaration in Support of Motion to Dismiss) They are not binding concessions that fix jurisdiction as of January 7, 2025. Indeed, the prima facie standard cuts the other way: the Court "need [not] assume the truth of allegations ... contradicted by affidavit," and Debelov's declaration in support of this Motion directly addresses Defendants' contacts as they stood at filing. (*Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052 (N.D. Cal. 2022))

Further, any prior declaration in another action is only one piece of evidence in the face of overwhelming evidence and concrete documentation such as lack of registration of Cheetah X in California, the fact that all employees of Cheetah X are in Florida or other states and not in California, and the fact that Plaintiff does not dispute that she and the great majority of the purchasers of the scooters are not in California.

Plaintiff concedes in her Opposition that the doctrine of Judicial Estoppel does not apply. Plaintiff's Opposition states that Plaintiff "does not represent that the Southern District of Florida has yet issued a ruling resting on Debelov's ... declaration," and offers judicial estoppel only "as an alternative ground ... available if and when that acceptance condition is met." (Plaintiff's Opposition to Motion to Dismiss at 20)

///

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

## VI. THERE IS NO SPECIFIC JURISDICTION OVER CHEETAH X OR MR. DEBELOV

Plaintiff's alternative theory of specific jurisdiction fails at the second prong of the governing test, because her claims do not arise out of or relate to any California conduct by Defendants.

The Ninth Circuit's three-part test — reaffirmed en banc in *Briskin v. Shopify, Inc.* — requires that (1) the defendant purposefully direct its activities at or purposefully avail itself of the forum; (2) the claim "arise[ ] out of or relate[ ] to the defendant's forum-related activities"; and (3) the exercise of jurisdiction be reasonable. (*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)) Plaintiff bears the burden on the first two prongs; if she fails either, jurisdiction does not exist. (*Briskin v. Shopify, Inc., 135 F.4th 739 (9th Cir. 2025)*)

### A. Plaintiff cannot supply the connection to California with her own residence or the seller's location.

Due process requires that the defendant's suit-related conduct ... create a substantial connection with the forum State, and the relationship must arise out of contacts that the defendant himself creates with the forum State. (*Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014))

Plaintiff resides in Ohio. The scooters at the center of her purchase were deployed in Florida. (Debelov Declaration) Plaintiff's attempt to substitute the seller's address on the Sales Agreement for Defendants' suit-related conduct is precisely the maneuver *Walden* forbids: a contract's recital of a San Francisco address does not, standing alone, establish that Defendants' conduct connected them to California in a meaningful way. (*Walden v. Fiore*, 571 U.S. 277)

### B. Plaintiff's claims do not arise out of or relate to California conduct

Even accepting that Debelov did some work from San Francisco during 2022 and 2023, the relatedness prong is not satisfied. The claims "must arise out of or

relate to the defendant's contacts" with California. (*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)) Jurisdiction is improper where "the forum State, and the defendant's activities there, lack [] any connection to the plaintiff's claims."(*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, (2021))

In the instant case, Plaintiff sues over the sale of an investment and the refusal to return her money — conduct connected to Ohio, where she is, and to Florida, where the company and its representative operated. (Debelov Declaration in Support of Motion to Dismiss) The general fact that Cheetah X had roughly ten California-affiliated participants among approximately 280 — none of them Plaintiff — does not connect her claims to California.(Debelov Declaration in Support of Motion to Dismiss) "Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."(*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)) Here, Plaintiff's Ohio residence and the deployment of her scooters outside California leave no genuine connection between her claims and any California conduct. (*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025)

**C. The exercise of jurisdiction would be unreasonable**

Because Plaintiff fails the first two prongs, the Court need not reach reasonableness. (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)) The relevant witnesses, documents, and operations are in Florida (Debelov Declaration), Plaintiff is an Ohio resident with no connection to California, and an adequate alternative forum exists where Cheetah X's operations are centered. The burden on Defendants of litigating a dispute centered outside California is not outweighed by any California interest, particularly where the plaintiff is not a California resident.

///

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

## VII. THE COURT SHOULD NOT DEFER RULING FOR JURISDICTIONAL DISCOVERY

Plaintiff is disingenuous when she claims that she followed this court's April 17, 2026 court order and served a maximum of ten special interrogatories and five Requests for Production as ordered by this court. In fact, as Plaintiff admits in her Opposition, Defendant's counsel met and conferred with her and asked that the demands be narrowed and modified but she refused. Defendant's counsel advised Plaintiff that her discovery demands did not at all comply with the court order and that were not limited in any sense. Plaintiff circumvented the court's order by listing countless questions under the guise of one number. Such that in many cases there were over 5 or more questions listed as one. See Plaintiff's Exhibit 2, Defendant Debelov's Responses to Special Interrogatories. When this was pointed out to Plaintiff she refused to make any changes to her demands at all.

Because Plaintiff's discovery demands were not at all in compliance with the April 17, 2026 court order, Defendants could have chosen to not respond at all, and demand that they be modified. Defendants however, did not take that position, and responded to the noncompliant demands, producing more than 582 pages of documents. Therefore, it is disingenuous of Plaintiff to complain that Defendants have not complied with discovery, when she ignored this court's order on limits on discovery, and still received 582 pages of relevant documents as well as detailed responses to her interrogatories. And the majority if not all of Plaintiff's exhibits are documents she received from Defendant.

It should be noted that this is supposed to be "limited discovery" for the purposes of jurisdiction only, there is no reason for any further discovery in this matter. In fact, under similar circumstances courts rule that no discovery whatsoever is necessary, however limited. Therefore, Plaintiff's fallback request that the Court defer ruling and order further jurisdictional discovery should be rejected.

The request also fails on the merits. A court may deny jurisdictional discovery where it "would not demonstrate facts sufficient to constitute a basis for jurisdiction," where the request rests on "little more than a hunch that it might yield jurisdictionally relevant facts," or where a plaintiff fails to explain "how discovery might change the outcome of the Court's jurisdictional findings." (*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008); *Hernandez v. Mimi's Rock Corp., 632 F. Supp. 3d 1052 (N.D. Cal. 2022)*) Plaintiff does not identify any specific fact that further discovery would establish or how it would alter the filing-date analysis. Her theory rests on documents she already possesses; additional discovery would not change that Cheetah X is a Delaware corporation operating primarily from Florida, that Plaintiff is an Ohio resident, and that her scooters were deployed outside California. Deferral is unwarranted.

## VIII. CONCLUSION

For the foregoing reasons and those stated in the Motion, Defendants Cheetah X Inc. dba Go X and Alexander Debelov respectfully request that the Court grant the Motion and dismiss this action against both Defendants for lack of general and personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Dated: August 27, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Sonia J. Taylor*

Debra Ellwood Meppen
Sonia J. Taylor
Attorneys for Defendant
CHEETAH X, INC.

GORDON REES SCULLY MANSUKHANI, LLP
300 South Grand Ave., 32nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
300 S Grand Avenue, 32nd Floor
Los Angeles, California 90071

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 300 S Grand Avenue, 32nd Floor, Los Angeles, CA 90071. On **August 27, 2026**, I served the following document:

**DEFENDANTS CHEETAH X INC.'S DBA GO X AND ALEXANDER DEBELOV'S COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF GENERAL AND PERSONAL JURISDICTION UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12 (b)(2)**

☒ **Served Electronically Via the Court's CM/EFC System.**

☒ ***By Email:*** I caused service by e-mail or electronic transmission of the above-described documents to be sent to the persons identified below. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ ***By U.S. Mail:*** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Dina Adel Mhmoud
45 Erieview Plaza, Apt #423
Cleveland, Ohio 44114
Email: dmhmoud@gmail.com

***Plaintiff In Pro Per***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 27, 2026** at Los Angeles, California.

_

Lisa Monroe